190 So.2d 564

**J. C. PARRIS**

**v.**

**STATE.**

**6 Div. 97.**

Court of Appeals of Alabama.

Sept. 20, 1966.

Dempsey F. Pennington, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was convicted of a crime against nature and sentenced to ten years in the penitentiary as punishment therefor.

The indictment states:

"The grand jury of said county charge that, before the finding of this indictment, J. C. Parris, whose Christian name is to the Grand Jury otherwise unknown, against the order of nature, carnally knew Sandra Faye Parris, against the peace and dignity of the State of Alabama."

■ This indictment is in the form as prescribed by Tit. 15, Sec. 259, No. 104, Code of Alabama, 1940, which is to be used in an indictment for the offense made punishable by Tit. 14, Sec. 106, which states:

"PUNISHMENT OF CRIME AGAINST NATURE.—Any person who commits a crime against nature, either with mankind or with any beast, shall, on conviction, be imprisoned in the penti-

tentiary for not less than two nor more than ten years."

The evidence of the State was confined solely to an act by appellant wherein he placed his mouth upon the sex organ of his fifteen year old daughter.

Appellant contends that this act of cunnilingus does not constitute the Common Law crime of sodomy.

In Woods v. State, 10 Ala.App. 96, 64 So. 508, appellant attempted to have a boy take into his mouth the private parts of appellant. In the Woods case, the court states:

"The statute (Code § 6746) which prescribes the punishment to be imposed upon 'any person who commits a crime against nature, either with mankind or with beast,' *is broad enough in its terms to embrace all unnatural carnal copulations,* whether with man or beast. * * * The method employed in the attempt of which there was evidence in this case was as much against the order of nature as any bestial or unnatural copulation that can be conceived." (Emphasis ours.)

■ This interpretation of the scope of Sec. 106 seems to be proper. The section as worded included sodomy and bestiality and is broader in scope than both combined. In Brown v. State, 32 Ala.App. 131, 22 So.2d 445, (1945), appellant committed the act of cunnilingus. The court held:

"The indictment charges that defendant against the order of nature carnally knew a person, Esther Griffin. The section of the Code upon which the prosecution is hypothecated is broad enough to include this averment".

■

Consideration by the court in the Brown case of the question as to the sufficiency of the indictment as related to the section upon which it was based should have brought to the court's attention the question as to whether the evidence was sufficient to support the indictment. This case was reversed on other grounds. Appellant's contention regarding the indictment here before us is without merit.

■ Appellant's plea of not guilty placed in issue the question of identity. However, to prove identity the State may not introduce evidence of other offenses committed by the accused with third persons when such evidence, as here, merely tends to show disposition, inclination, propensity, or depravity, and does not serve to single out the appellant. Brasher v. State, 249 Ala. 96, 30 So.2d 31; Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R. 2d 847. Appellant's wife on redirect examination was permitted to testify that appellant from 1962 until August, 1964, attempted to commit the act of cunnilingus with her on several occasions. Such testimony could have no value except to show his sex depravity and his disposition, inclination, or propensity to commit such sex act. Such evidence is inadmissible and works a reversal of this case.

We are aware here of and adhere to our duty under the doctrine of stare decisis, but we have no pride in our opinion in this case. We cannot think upon the sordid facts contained in this record without being reminded of the savage horror practiced by the dwellers of ancient Sodom from which this crime was nominally derived.

The judgment of conviction is due to be and the same is hereby

Reversed and remanded.