Indictment for murder in the first degree, conviction therefor, and punishment fixed by the jury at life imprisonment. Application for youthful offender treatment was denied.
The victim was Fred Jackson Harp, a Mountain Brook police officer, who gave chase to defendant and three others riding in a Cadillac automobile. The four occupants were under detention by the victim, Officer Harp, when the homicide occurred on the roadside.
The circumstances surrounding the homicide, so the State contended, did not justify either of the four occupants in firing the fatal shot, nor did they justify either of the four in aiding or abetting the homicide. All four of the occupants fled the scene. They were later arrested.
Walter B. Allen, Jr., was one of the occupants. He was indicted, and convicted for murder in the first degree. He took the stand in his own defense. He appealed. This judgment was affirmed by this Court on June 17, 1975, 55 Ala. App. 549,317 So.2d 517. This case substantially reports the facts involved in the instant case. The instant appellant was convicted on October 18, 1974.
A crucial witness for the State was Walter B. Allen, Jr., who, as above noted, had been convicted for the same homicide. When put on the stand, he claimed the Fifth Amendment Exemption and after identifying himself, refused to answer any questions concerning the homicide. This was done on the advice of his counsel. The trial court, and the Assistant District Attorney, prosecuting for the State, were informed before the witness took the stand that such claim would be made. *Page 750 
It appears from the record that the State, under the guise of laying a predicate, asked Allen fifty to sixty questions concerning his testimony under oath at his own trial. The witness Allen refused to answer either of these critical questions that tended to place the blame and the firing of the fatal shot on defendant Allison, and to exonerate himself from any blame for the homicide. These questions were taken from the transcript of the witness's testimony at his own trial.
We here also note that the State moved the Court to call witness Allen as the Court's witness. The Court, over defendant's objection, granted the motion, and called the witness to the stand as a witness of the Court. The Court then allowed examinations by the parties to proceed. Defendant asserted exemption under the Fifth Amendment and refused to answer.
The State, we again note, propounded fifty to sixty questions to the witness, the trend of which implicated defendant Allison as the guilty person who fired the fatal shot that killed Officer Harp; none of these questions were answered as above noted. The State thereupon proceeded further in adducing illegal evidence against Allison.
Prior to this adduction of illegal testimony, defendant's counsel propounded a series of questions bearing on the issue of defendant's guilt. The witness Allen claimed his exemption under the Fifth Amendment and refused to answer.
After this futile examination by defendant was closed, the State proceeded to introduce in evidence — over defendant's appropriate objection which the Court overruled — a certified copy of the transcript of the witness Allen's evidence at his own trial wherein he tried to exonerate himself as the offender in killing Officer Harp. He implicated Allison as the one who did the killing. (See Exhibit E, Motion only, Tr. 583 or 596 continuing through p. 641 or 653.) No point was made about the certification.
We note that the trial court cited McCullough v. State,40 Ala. App. 309, 113 So.2d 905 (1959), as authority for his ruling in admitting in evidence the certified transcript of Allen's evidence in his own trial. This admission was made over defendant Allison's objection because the evidence was hearsay and also because he was denied his right of confrontation or of cross-examination as provided by the Sixth Amendment to the federal Constitution. We here note that McCullough was released before Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074,13 L.Ed.2d 934 (1965), and Pointer v. Texas, 380 U.S. 400,85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).
The Court noted in Ruhala v. Roby, 379 Mich. 102,150 N.W.2d 146 (1967), that cross-examination presupposes a witness who affirms a thing being examined by a lawyer who would have him deny it, or a witness who denies a thing being examined by a lawyer who should have him affirm it. Cross-examination is in its essence an adversary proceeding. The extent to which the cross-examiner is able to shake the witness, or induce him to equivocate, is the very measure of a cross-examiner's success.
Although the trial court produced Allen on the witness stand, he, in refusing to testify, was effectively unchallengeable on his prior testimony in his own trial, and defendant Allison was left only the bare opportunity of confrontation.
Thus the jury sitting in judgment on Allison were not able to judge his demeanor as he confronted defendant with his accusations as the same appeared in his certified testimony at his own trial. Allison could not challenge the accusations against him, and force the witness to answer for inconsistencies and weaknesses in his testimony. Defense counsel could not probe the story of this silent witness and attempt to expose *Page 751 
facts that qualify or discredit him. Substantive confrontation was the indisputable right of defendant to hear the accusations directly from the accuser and then to challenge these statements.
The confrontation clause requires not only the procedural opportunity to cross-examine, but requires as a minimum that the witness reiterate at trial his accusations against defendant. The subsequent cross-examination is then an adversary proceeding giving substance to accused's confrontation right. There are exceptions not here involved.
This is consistent with the rule of confrontation set forth by the Supreme Court in Douglas, supra. The Constitutional right to confrontation must never be sacrificed to the convenience of admitting questionable evidence.
In producing the witness at the trial, the prosecution inDouglas had fulfilled its obligation to the fullest extent. Yet the defendant, as here, had never challenged the witness "face to face." Thus the confrontation clause was not satisfied even though the witness was physically present.
The Supreme Court's decision in Douglas stressed that physical presence of a witness cannot satisfy the confrontation clause when the defendant is unable to cross-examine the witness.
Because the trial court erred in admitting the certified copy of Allen's testimony at his own and separate trial, we hold that the judgment against appellant should be and it is reversed and the cause is remanded for such disposition as the circumstances justify.
The foregoing opinion was prepared by Honorable Bowen Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
Reversed and remanded.
All the Judges concur.