James Robert Reeves was indicted for the shooting murder of Melvin Price. The jury found him guilty of criminally negligent homicide, and the Court of Criminal Appeals, 463 So.2d 174, affirmed. Reeve's petition for writ of certiorari was granted.
At trial, the defendant attempted to call Ernest Trehern as a witness. Trehern was present at the scene of the shooting and had also been indicted on charges arising from that shooting. Upon the advice of his attorney, Trehern informed the trial court, outside the presence of the jury, that he wished to invoke his privilege, under the Fifth Amendment to the United States Constitution, not to testify. His request not to testify was granted, even though he had not been asked a single question by the defendant.
The defendant argued that this was error, and the Court of Criminal Appeals correctly held that Trehern should have been required to take the stand in the presence of the jury and invoked his privilege in response to any question asked by the defendant which would have elicited incriminating evidence if answered. However, after correctly stating the law in this respect, the Court of Criminal Appeals held that the defendant did not sufficiently preserve the error for review, writing, "Since defense counsel made no offer of proof, this issue is not properly preserved for our review." We disagree and reverse and remand.
It is apparent from the record that the defendant's counsel did everything possible to preserve the error. He clearly excepted to the trial judge's ruling and claimed the right to put on evidence to establish that Trehern's testimony would have been material to the defense. His efforts to preserve the error are evident from the following exchange, which took place outside of the presence of the jury:
 "MR. HANLEY: Your Honor, for the record, my name is Neal Hanley, and I represent the witness, Ernest Trehern, who has been indicted for an attempted murder involving this same fact situation, I have advised my client not to testify — to invoke his privilege under the Fifth Amendment of the United States Constitution, as I think any answers — any testimony — concerning the evening of this occurrence will tend to incriminate him.
"THE COURT: Your name is Ernest Trehern?
 "MR. TREHERN (previously sworn and seated at witness stand): Yes, sir.
"THE COURT: Mr. Hanley is your attorney?
"MR. TREHERN: Yes, sir.
 "THE COURT: He's discussed with you the facts in this case?
"MR. TREHERN: Yeah.
 "THE COURT: He discussed with you your Constitutional rights and immunity both under the Constitution of the State of Alabama and of the United States?
"MR. TREHERN: Yes, sir.
 "THE COURT: And he has advised you that under the Constitution both of the United States and of the State of Alabama that you would not be required to *Page 179 
testify in this case unless you want to do so?
"MR. TREHERN: Yes, sir.
 "THE COURT: Now, my question is to you: Do you want to follow the advice of your attorney?
"MR. TREHERN: Yes, sir.
 "THE COURT: And do you now claim the immunities granted to you under the Fifth Amendment to the United States Constitution of refusing to testify as a witness for Mr. Reeves in this case?
"MR. TREHERN: Yes, sir.
 "THE COURT: Well, Mr. Marsal, I will have to advise you that the Court grants this man the right not to testify.
 "MR. MARSAL: All right, sir. In order that my record be protected under the ruling of the Court, I will proceed at this point to elicit from this witness certain questions —
 "THE COURT: I've already elicited all the information we're going to elicit. He's told me that he claims his rights and immunities under the Constitution. I say that he has a right to do it, and I'm going to excuse him as a witness.
 "MR. MARSAL: All right, sir. Let me have my record, please, sir.
 "THE COURT: I'll give you an exception. I think that'll protect you. You've called him as a witness. You say you want to use him, and I'm sustaining his attorney's objection and his request — the witness' request not to testify.
"MR. MARSAL: All right, sir.
 "THE COURT: That's all we're going to have in the record.
". . . .
 "THE COURT: Right. And I don't want this mentioned to the jury. They've got nothing to do with it. This is the Court's ruling. You're fully protected if I'm wrong.
 "MR. MARSAL: Yes, sir. I need to go further. I move that the Court permit me in the presence of the jury to interrogate this witness and that I be able to ask these questions —
". . . .
 "MR. MARSAL: — be able to ask the questions that I feel are material to the defense of James Reeves, the defendant on trial today; and at that point, if the defendant might wish to invoke the Fifth Amendment, it's going to be — He has to make that — He has to take that privilege in front of the jury, and the Court has got to rule as to whether that question would tend to incriminate him.
"THE COURT: And I deny that motion.
"MR. MARSAL: You deny the right to put —?
 "THE COURT: Deny putting this man before that jury and asking him anything. I'm not going to call him to testify as a witness over his objection and his attorney's objection.
"MR. MARSAL: Judge, let's consider —
 "THE COURT: Mr. Marsal, now, listen. My mind is made up. This is going to be my ruling, and there's no need of going any further with it.
"MR. MARSAL: All right, sir.
 "THE COURT: I think the Supreme Court of Alabama has ruled on that point. I thought that was the law this morning. I just hadn't had it in a good while, and I didn't want to rule until I saw some law.
 "MR. MARSAL: I take issue with the Court as to that being the law. Then I, at this time — since the Court is holding this hearing outside the presence of the jury — I will put evidence before the Court that this man's testimony is material to the defense of Jim Reeves.
 "THE COURT: I'm not going to waste time taking that. I'll take your word that you think it's material, and I don't think that affects a man's right to claim his Constitutional immunities under the law — the Constitution of the United States and of Alabama.
 "MR. MARSAL: All right, sir. I want the record to show that it's not my practice to try a case for the record. It's my practice to try the case for the benefit of my client, and I represent to the Court I have a legal right to interrogate this man before the jury and let him invoke the *Page 180 
Fifth Amendment so the jury can be completely mindful of why he is not testifying.
 "THE COURT: I'll give you an exception. I deny that motion, though.
 "MR. MARSAL: You deny me the right to put on evidence as to his testimony being material?
"THE COURT: Yes, sir.
"MR. MARSAL: We except."
The reliance on Gwin v. State, 425 So.2d 500 (Ala.Crim.App. 1982), cert. quashed, 425 So.2d 510 (Ala. 1983), by the Court of Criminal Appeals is misplaced. Gwin correctly states that law concerning the necessity that an offer of proof be made to show that the expected testimony of a witness would not be incriminating in order to predicate error upon a trial court's refusal to compel the witness to testify. In this case, however, the defendant made every attempt to make such an offer of proof, but was repeatedly cut off by the trial judge in his effort.
We hold, therefore, that the trial court's error was preserved for review on appeal and, accordingly, reverse the Court of Criminal Appeals and remand the cause for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
All the Justices concur.