BOWEN, Presiding Judge.
William Butler and his wife, Carol, were separately indicted for sexual abuse in the first degree. Their cases were consolidated for trial. Mr. Butler was convicted of *471 sexual abuse in the first degree and was sentenced to twenty years’ imprisonment. Mrs. Butler was convicted of sexual abuse in the second degree and sentenced to one year in the county jail. Both of these convictions must be reversed because of the highly improper admission of evidence of prior sexual misconduct.
The evidence shows that Mr. and Mrs. Butler had been married for about ten years. Mr. Butler was the stepfather of three of Mrs. Butler’s children by a former marriage. Mr. and Mrs. Butler had one child (girl) of their own. These children were living with the Butlers when the charged sexual abuse occurred. Mr. Butler also had six children (five girls and one boy) by a former marriage, who were raised “somewhere else.”
The record shows that Mr. Butler delivered strict and severe discipline with a belt, a bamboo rod, an extension chord, and an ax handle and physically abused some of the children in so doing. Sometime in the spring of 1983, Mr. Butler forced the fifteen year old stepson, a deaf-mute, to engage in “sex” with Mrs. Butler. On that occasion, Mr. Butler also sexually abused his stepson.
At trial, Mr. Butler did not testify. Mrs. Butler took the witness stand, denied any improper conduct, and maintained that she and her husband were fulfilling their “divine responsibility to raise our children according to the word of God.”
On rebuttal and over the objection of defense counsel, the District Attorney elicited testimony from one of Mr. Butler’s daughters, M.A.P., that, when she lived with him, “twelve or thirteen years ago,” Mr. Butler physically and sexually abused her and forced her to have “sex” with him. M.A.F. also testified that she also witnessed her father “having sex” with her sister, D.S. In ruling that this testimony was admissible, the trial judge stated:
“Well, the way I look at it, and I have been doing some studying on this, too, during these recesses. But that this event could not have occurred, say, in the last ten years because he was not with this family. This is a prior famiiy-type situation that occurred and it shows similar acts prior to, towards the intent, identifying the circumstances again. Now, as I understand from the District Attorney, this is a similar set of facts where force was done arising out of fear for this man.
“Now, it would identify past events. The occurrence in many cases, it’s necessarily further back to ordinarily be able to consider it.”
Later, the trial judge stated that this would show “a pattern” on Mr. Butler’s part.
There was no evidence that Mr. Butler had been separated from his children or stepchildren for ten years as the above comments of the trial judge seemingly imply. There was no evidence that Mr. Butler had sexually abused, other than the 15-year-old stepson, any of the other three children in the family at the time of the incident in question.
In Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983), the Alabama Supreme Court held “that a single rape which occurred ten years prior to the present offense, as reprehensible as it is, is not evidence of a pattern of pre-existing design into which the present charge of sexual abuse fits.” Additionally, that court held that “[e]ven if intent were in issue, this prior rape [having occurred ten years before the present offense] is too remote to be probative of the issue. 440 So.2d at 1124. Here, Mr. Butler’s sexual abuse of two of his daughters is simply not evidence of a pattern or intent to sexually abuse one of his stepsons twelve or thirteen years later.
“Ordinarily, remoteness of time affects the weight and probative value rather than the admissiblity of evidence and [the] admission of such evidence rests largely in the trial court’s enlightened discretion.” McGhee v. State, 333 So.2d 865, 868 (Ala.Cr.App.1976) (“Prior convictions for driving while his license was revoked, running stop signs, reckless driving, speeding, and improper brakes, between October 1957 and February 1972, have no bearing on the issue of the appellant’s state of mind on December 24, 1974” in a prosecution for *472 murder involving a vehicular homicide.). The Attorney General relies on the general rule that remoteness of time alone does not render evidence of the commission of previous acts inadmissible and cites Wilkins v. State, 29 Ala.App. 349, 356, 197 So. 75, cert. denied, 240 Ala. 52, 197 So. 81 (1940). However, in that case, the time between the prior acts and the charged offense was only two and three months.
The introduction of the evidence of the prior sexual misconduct was totally unnecessary, but it was also extremely prejudicial. As in Parris v. State, 43 Ala.App. 351, 353, 190 So.2d 564 (1966), “We are aware here of and adhere to our duty under the doctrine of stare decisis, but we have no pride in our opinion in this case.” The judgment of the circuit court is reversed. This cause is remanded so that the defendants may be tried once again for their terrible crime.
REVERSED AND REMANDED.
All Judges concur.