Richard Lyle Terry, the appellant, was convicted for the manslaughter of Orville E. Hampel, Jr., and was sentenced to ten years' imprisonment. Three issues are presented on this appeal from that conviction.
 I
At trial, and in the presence of the jury, the prosecutor called Candice Terry as a witness. Mrs. Terry was the defendant's wife. Immediately, and outside of the presence of the jury, defense counsel requested a mistrial on the ground that the prosecutor called Mrs. Terry as a witness when he "knew full well that she intended to claim her special privilege." Outside of the presence of the jury, Mrs. Terry took the witness stand and invoked her marital privilege and refused to testify against her husband. See Alabama Code 1975, § 12-21-227.
It is improper for the prosecution to call as a witness one it knows will certainly invoke the privilege against testifying as a witness, with the sole purpose of having the jury observe that invocation. See Annot., 19 A.L.R.4th 368, 373 (1983);Allison v. State, 331 So.2d 748, 750-51 (Ala.Cr.App.), cert. denied, 331 So.2d 751 (Ala. 1976); Shockley v. State,335 So.2d 659, 661-62 (Ala.Cr.App. 1975), affirmed, 335 So.2d 663 (Ala. 1976), all involving a claim of the privilege against self-incrimination. " '[W]here a prosecutor knows, or has reason to suspect, that a witness will refuse to testify on self-incrimination grounds, the prosecutor should ask for a hearing outside the presence of the jury in order to determine,before calling the witness to testify, whether the witness intends to assert the Fifth Amendment privilege.' 19 A.L.R.4th 368 at § 2(a)." Thomas v. State, 473 So.2d 627, 630
(Ala.Cr.App. 1985) (emphasis added). We believe this to be the better rule and practice. *Page 784 
However, in Wyatt v. State, 35 Ala. App. 147, 154,46 So.2d 837, 843, cert. denied, 254 Ala. 74, 46 So.2d 847 (1950), the wife was called as a prosecution witness, without objection, and claimed her privilege in the presence of the jury. There, it was held:
 "Thus even though Mrs. Wyatt had told the Solicitor she did not wish to testify against her husband, this was but an expression of her then existing intent, in no way binding on her and subject to being changed the next moment.
 "It is to the court that the claim of privilege must be made known.
 "Mrs. Wyatt was called before the court for this purpose. No objection was interposed by the appellant to the procedure followed, nor was any request made that the jury be excused.
 "After Mrs. Wyatt had claimed her privilege the appellant then objected to the questions, and moved for a mistrial. If any merit ever attached to appellant's objection to the procedure followed, which we doubt, clearly his complaint of the court's action was too tardily expressed to be of avail to him." Wyatt, 35 Ala. App. at 154, 46 So.2d at 843 (emphasis in original).
See also Williams v. State, 420 So.2d 819, 821 (Ala.Cr.App. 1982); Hopkins v. State, 429 So.2d 1146, 1153 (Ala.Cr.App. 1983). Under Hopkins, Williams, and Wyatt, the prosecutor's conduct in calling Mrs. Terry to testify was not improper.
Notwithstanding the fact that the prosecutor violated the preferred rule by calling Mrs. Terry as a witness in the presence of the jury, we find no reversible error present. InLabbe v. Berman, 621 F.2d 26 (1st Cir. 1980), the wife was required to invoke her privilege not to testify against her husband in the presence of the jury. That court's comments are appropriate here:
 "An accused has no federal constitutional right to bar a spouse from testifying at his trial, see Trammel v. United States, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), and no constitutional right of petitioner's was violated by the mode in which his spouse asserted her privilege not to testify at petitioner's trial. While federal courts in cases decided when an accused had a privilege to preclude his spouse from testifying have stated that an opportunity should be afforded for the spousal privilege to be claimed in the absence of a jury, Melton v. United States, 398 F.2d 321, 322
(10th Cir. 1968); Tallo v. United States, 344 F.2d 467, 469 (1st Cir. 1965); San Fratello v. United States, 343 F.2d 711 (5th Cir. 1965), and this apparently is the Massachusetts rule, Commonwealth v. Labbe, 373 N.E.2d at 232; Commonwealth v. Stokes, 374 Mass. 583, 374 N.E.2d 87, 96 n. 9, we do not see that this procedure is constitutionally mandated. To be sure, there are situations where a prosecutor's questioning of a witness knowing the witness will decline to answer and will assert a privilege may be improper. This may be so when the prosecutor 'makes a conscious and flagrant attempt to build its case out of inferences arising from [the] use of the testimonial privilege' or where the 'inferences from a witness' refusal to answer [add] critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly [prejudice] the defendant.' Namet v. United States, 373 U.S. 179, 186-87, 83 S.Ct. 1151, 1154-1155, 10 L.Ed.2d 278 (1963); Douglas v. Alabama, 380 U.S. 415, 420, 85 S.Ct. 1074, 1077, 13 L.Ed.2d 934 (1965). Neither condition is present here. There was no prosecutorial misconduct here which amounted to a denial of due process." Labbe, 621 F.2d at 27-28 (footnote omitted).
In this case, the prosecutor did not attempt to gain any advantage from Mrs. Terry's refusal to testify. When he called her as his witness, the prosecutor did not identify Mrs. Terry as the defendant's wife. Defense counsel had been informed that "the State's chief witness" was Mrs. Terry and she had indicated to the district attorney that she would not testify. However, defense counsel had filed no motion seeking to prevent Mrs. Terry from being called as a witness, even though before trial, *Page 785 
counsel had indicated that he "might do so." Defense counsel did file two pretrial motions in limine, but neither motion sought to prevent Mrs. Terry from being called as a witness. One motion states, "unless the wife decides to testify, any kind of reference to or innuendo about an alleged kidnapping would be prejudicial to the Defendant."
Under these circumstances, the trial judge properly denied the defendant's request for a mistrial.
 II
The trial judge properly instructed the jury that "intent may be presumed from the use of a deadly weapon." "The use of a deadly weapon, under proper circumstances, gives rise to the permissible legal presumption of both malice and intent."Ex parte Bayne, 375 So.2d 1239, 1244 (Ala. 1979).
The State's evidence shows that the defendant went to the victim's house to collect a debt and because the victim was "seeing" the defendant's wife. Mrs. Terry was in the bedroom. After the defendant shot Mrs. Terry, the victim attempted to grab the pistol. During the struggle, the victim was shot twice and killed. These facts do not rebut, as a matter of law, the presumption of intent arising from the use of a deadly weapon. Compare Ex parte Edwards, 452 So.2d 503, 506 (Ala. 1983) (where gun only came into shooting incident when officer attempted to draw gun on defendant, parties were struggling over control of gun, and defendant was attempting to resist unlawful arrest, presumption of malice arising from use of deadly weapon was rebutted).
In charging the jury on the presumption of intent arising from the use of a deadly weapon, the trial judge did not invade the province of the jury. Austin v. State, 145 Ala. 37, 40,40 So. 989, 990-91 (1906); Thayer v. State, 138 Ala. 39, 49,35 So. 406, 409 (1903).
 III
The defendant requested three handwritten jury charges to the effect that the jury should acquit the defendant if they found that the victim's death was the result of an unavoidable accident. These charges were properly refused "because they failed to define the meaning of the word 'accidentally.' "Wakefield v. State, 447 So.2d 1325, 1327 (Ala.Cr.App. 1983). Here, the defendant objected to the refusal of the trial judge to give his requested charges but did not specifically request the judge to charge the jury on the law of accident. The judge's failure to instruct on the law of accident has not been properly preserved for review. Matkins v. State, 497 So.2d 201
(Ala. 1986).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.