JAMES H. FAULKNER, Retired Justice.
John L. Corbitt was indicted for the offense of rape in the first degree in violation of § 13A-6-61(a)(3), Code of Alabama 1975. The jury found Corbitt guilty as charged in the indictment, and he was sentenced to 30 years in the penitentiary.
I
Corbitt contends that he was denied the effective assistance of counsel because the counsel appointed to represent him at trial 1) failed to object to the introduction into evidence of privileged, confidential communications between Corbitt and his wife, 2) made no objection to an alleged prior act of sexual misconduct, and 3) failed to request jury charges on lesser included offenses.
To prevail on a claim of ineffective assistance of counsel, the defendant
“must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
With respect to Corbitt’s first allegation of ineffective assistance, § 12-21-227, Code of Alabama 1975, states that “[t]he husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do.” Cor-bitt has no federal constitutional right to bar his wife from testifying against him at his trial, and Corbitt has no standing to object if his wife does not invoke the spousal privilege. Terry v. State, 540 So.2d 782 (Ala.Cr.App.1988), writ denied, 540 So.2d 785 (Ala.1989), overruled on other *428 grounds, J.D.S. v. State, 587 So.2d 1249 (Ala.Crim.App.1991). Hence, because Cor-bitt’s wife, Patricia, who did not invoke the spousal privilege, voluntarily testified against her husband at trial, trial counsel’s failure to object to the wife’s testimony does not constitute ineffective assistance.[1]
With respect to Corbitt’s second allegation of ineffective assistance, when an accused has been charged with the first degree rape of his daughter, collateral sexual offenses allegedly committed by him against the daughter are admissible to establish his unnatural sexual passion for her. Bowden v. State, 538 So.2d 1226 (Ala.1988).
In the case sub judice, Corbitt was charged with the first degree rape of his 11-year-old daughter, and the collateral sexual offenses allegedly committed by him against the same daughter were admissible under the Bowden exception to the exclusionary rule. Hence, trial counsel’s failure to object to these alleged prior acts of sexual misconduct against the daughter does not constitute ineffective assistance.
With respect to the failure to object to testimony regarding Corbitt’s alleged prior acts of sexual misconduct against another child, trial counsel chose not to object to this line of questioning in an attempt to discredit the testimony of the victim and her.mother. It is apparent that Corbitt’s trial counsel was trying to establish that Corbitt’s wife had falsely accused Corbitt in the past of abuse of his stepdaughter and other children. Strategic decisions and trial tactics are clearly within the discretion of trial counsel under Strickland, supra, and trial counsel’s failure to object to testimony concerning these alleged prior acts of sexual misconduct against another child does not constitute ineffective assistance of counsel.
With respect to Corbitt’s third allegation of ineffective assistance, Corbitt was not entitled to a jury instruction concerning any lesser included offenses where there was no reasonable theory presented at trial to support a lesser offense. Kirksey v. State, 475 So.2d 646 (Ala.Cr.App.1985).
In the instant case, Corbitt denied that any sexual act between him and the victim had occurred. The victim testified that Corbitt had sexual intercourse with her before her twelfth birthday. Hence, under the evidence presented by the State, Cor-bitt was either guilty of first degree rape or guilty of no offense, and trial counsel’s failure to request a jury instruction on any lesser included offenses does not constitute ineffective assistance.
Because Corbitt failed to show that his trial counsel’s performance was deficient and that that deficient performance prejudiced his defense, he cannot prevail on his claim of ineffective assistance of counsel.
II
Corbitt contends that the State’s evidence, which was almost entirely circumstantial, was insufficient to support his conviction for first degree rape. We disagree.
“In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.” Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985). Where, moreover, the State establishes a prima *429 facie case, conflicting evidence presents a jury question, which is not subject to review on appeal. See Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983).
To prove a case of rape in the first degree, the State must prove that Corbitt was 16 years of age or older and engaged in sexual intercourse with the victim who was less than 12 years of age. § 13A-6-61(a)(3), Code of Alabama 1975.
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Corbitt was guilty of the crime as charged. In particular, the State presented the following evidence to prove that Corbitt was guilty of first degree rape:
The victim in this case testified that somewhere between Valentine’s Day in February 1989 and her birthday, when she would have turned 12 years old, her father, John L. Corbitt, had sexual relations with her by putting his penis into her vagina. She stated that she screamed, but when she screamed, Corbitt told her to shut up. She further testified that she had a conversation with him on June 18, 1989, and he promised her that he would get help for his problems, that he would come home and live as a “family man”, and that he would not “love” her in the manner that he had “loved” her in the past. On the basis of his representations, the victim signed a paper that she did not read, which recanted her statement that he had had sex with her. At trial, the victim testified that the recantation was not the truth. She then reiterated that Corbitt put his male organ inside her female organ without her consent and against her will, between February and her twelfth birthday in 1989.
Dr. S.D. Palmer testified as an expert that, after examining the pelvic area of the victim, he found that the hymen of the young victim was virtually nonexistent and that the introitus, or vaginal opening, readily admitted the index finger or small speculum. He concluded that the victim had a nonvirginal introitus consistent with her report of penile penetration.
From this evidence, it is clear that the State proved a prima facie case of rape in the first degree. The ages of the victim and the defendant were established, and through medical testimony, as well as through the testimony of the victim, the sexual intercourse was proven. Because the State established a prima facie case, any conflicts in the evidence present a jury question, which is not subject to review on appeal. Willis v. State, supra. Hence, the evidence presented was clearly sufficient to support the jury’s determination of guilt.
Ill
Corbitt failed to properly preserve for appeal the following issues: 1) whether the trial court erred in allowing Corbitt’s wife to testify about confidential statements made by Corbitt to her (no objections interposed below); 2) whether the trial court erred in allowing into evidence alleged pri- or acts of sexual misconduct by Corbitt (no objection interposed below); 3) whether the trial court erred in failing to charge the jury on lesser included offenses (no oral or written lesser included offense charges were requested by Corbitt); 4) whether the trial court erred in denying Corbitt the opportunity to call a witness or to make a showing of that witness’s testimony outside the prosecutor’s presence (Corbitt failed to ask for a continuance to secure the witness and failed to make a showing as to the materiality of the evidence sought from the witness); and 5) whether the trial court erred in denying his motion for new trial (no legal authority cited).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.

. We note that a defendant and his spouse must be married at the time the testimony is sought before § 12-21-227, Code of Alabama 1975, will apply. Rogers v. State, 417 So.2d 241 (Ala.Cr. App.1982). John L. Corbitt and Patricia Corbitt were married on June 7, 1974, and had three children. They were divorced in 1983 but continued to live together as man and wife from 1983 until April 1989, and they had two more children during the period of their common-law marriage. Corbitt married another woman in May 1989, but continued to have sexual relations with Patricia after his second marriage. Patricia instituted divorce proceedings against Corbitt on October 10, 1989, and Corbitt was served with a summons in January 1990. At the time of Patricia Corbitt's testimony at Corbitt’s criminal trial on February 7, 1990, the divorce proceedings were pending, and we shall treat Patricia as his common-law wife for purposes of this issue.