McMILLAN, Judge.
The appellant was convicted of manslaughter, in violation of § 13A-6-3, Code of Alabama 1975. He was sentenced to 20 years’ imprisonment and was ordered to pay $50 to the victims’ compensation fund.
The appellant contends that the trial court committed reversible error when it allowed a co-defendant, who had not yet been tried, to invoke his Fifth Amendment right and not testify. The trial court in doing so, he argues, denied him his right to a fair and impartial trial.
The following colloquy, which occurred outside the presence of the jury, between the trial court, the co-defendant, and defense counsel, is pertinent to this issue:
“THE COURT: [Y]ou are charged with the same crime that this defendant is on trial for?
“THE WITNESS: Yes, sir.
“THE COURT: You don’t wish to testify?
“THE WITNESS: No, sir. I don’t have counsel.
“THE COURT: I understand. And you don’t want to testify?
“THE WITNESS: No, sir.
“[Defense counsel]: Judge, my understanding, as long as we can call him — and there is really only one thing I want to elicit from this witness and that is that he had indicated that there was another vehicle out there and there were people in that vehicle shooting. That’s all I’m trying to establish.
“THE COURT: Of course, if he tells me he doesn’t wish to testify, and that’s what his attorney has told him, I’m not going to force him to testify.
[[Image here]]
“[Defense counsel]: Ask that he be put on the stand. If he wants to take the Fifth, he can take the Fifth.
“THE COURT: If you are saying you are not going to do that, you wish to invoke your privilege under the Fifth Amendment of the Constitution, the right to remain silent.
“THE WITNESS: He told me don’t say nothing at all unless he was here.
“[Defense counsel]: We can see if we can get him here.
“THE COURT: No. No. I’m — you know, I thought if you wanted to do it, you would have arranged it.
“[Second defense counsel]: This is a surprise. Surprise to him, surprise — his silence is a surprise to me. We expected him to testify. He has been down here for two days.
“THE COURT: You can try to get him here in the morning. But I’m not going to force him to testify.”
A witness has the right to invoke the Fifth Amendment and refuse to testify; however, that witness must take the stand in the presence of the jury and be asked questions that would elicit incriminating evidence if answered before the witness can invoke his Fifth Amendment privilege. Hence, the trial court erred in failing to require the witness to take the stand.
In Matthews v. State, 611 So.2d 1207, 1212 (Ala.Cr.App.1992), this court held:
“ With regard to the privilege against self-incrimination, the “correct” rule is that “a witness, other than the defendant himself, *769 cannot refuse to take the stand and testify by ‘taking the Fifth.’ A witness may only invoke his Fifth Amendment privilege against self-incrimination after he has been sworn and asked a question which would elicit incriminating evidénce if answered by such witness.”’”
Quoting Ex parte Reeves, 463 So.2d 177, 178 (Ala.1984). See also J.D.S. v. State, 587 So.2d 1249, 1257 (Ala.Cr.App.1991).
Because the trial court erred, we reverse its judgment. This cause is, therefore, remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.