The appellant, James Preston Bowden, was convicted of rape in the first degree, in violation of § 13A-6-61, Code of Alabama
(1975), and sentenced to twenty years in the State penitentiary.
The victim, who was 15 years old at the time of trial on November 19, 1986, testified that she was sexually assaulted by her father on October 8, 1985. She testified that he put his private part inside of her private part and attempted to insert a device inside her private part. She further testified that he had made sexual advances toward her on numerous occasions in the past. At trial, the victim's 13-year-old sister was allowed to testify that the appellant had also made sexual advances toward *Page 1225 
her around Christmas, but she was uncertain of the year. The defense counsel timely objected to the admission of the victim's sister's testimony and moved for a mistrial. His stated grounds included remoteness; that the testimony related to uncharged misconduct toward "a totally separate victim"; that the testimony was highly prejudicial; and that it was further inadmissible as failing to show "motive, intent or design." The record indicates that nowhere was the identity of the appellant as the alleged perpetrator disputed. The appellant's defense suggested that the victim was lying and acting out of revenge for being punished.
In Anonymous v. State, 507 So.2d 972 (Ala. 1987), the Alabama Supreme Court affirmed the reversal of a case in which the appellant was charged with the first degree rape of his daughter. At trial, the victim and her sister were allowed to testify that the father had forced them to have intercourse with him on frequent occasions, resulting in pregnancies and abortions (as to the victim), and the pregnancy of the victim's sister and the subsequent birth of a child. This court had reversed the cause on the basis of the admission of evidence concerning the pregnancies. Grizzell v. State, 507 So.2d 969
(Ala.Cr.App. 1986). In affirming this reversal, the Alabama Supreme Court noted in reference to the admission of evidence concerning the other collateral acts of sexual misconduct, that such evidence should have been held inadmissible under the "identity" and "intent" exceptions to the general exculsionary rule. The Court stated as follows:
 "The identity of the person who actually committed the acts with which the defendant was charged was not at issue. The defendant did not argue that 'someone else committed the acts with which he was charged'; instead, he merely denied that the acts ever occurred. Therefore, because there was no 'real and open' issue concerning identity, the collateral acts could not be admissible as going toward such an issue. See [Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Ex parte Killough, 438 So.2d 333 (Ala. 1983)].
 "Neither can the 'intent' exception be applied in this case. Under §§ 13A-6-60 and -61, Code of 1975, rape in the first degree does not require any specific criminal intent. Similarly, no specific criminal intent, other than knowledge of relationship, is required under § 13A-13-3, Code of 1975, defining the crime of incest. The intent exception is simply not applicable in a case that requires no specific criminal intent as a prerequisite to conviction. See [C. Gamble, McElroy's Alabama Evidence § 69.01(5) (3d ed. 1977)] and cases cited therein. As we explained by Justice Shores in Cofer, supra, any intent necessary to this type of crime could be inferred by the jury from the testimony about the act
charged.
 " 'This intent may be inferred by the jury from the act itself. Parker v. State, 406 So.2d [1036] 1039 [(Ala.Cr.App. 1981)]. The prosecutrix testified that Cofer kissed her, removed some of her clothing, inserted his finger into her, and lay close to her. If the jury believed her testimony, it could infer that Cofer had the requisite intent and find him guilty of the offense. There is, therefore, no real and open issue about his intent, and the evidence of the prior rape was erroneously allowed to prove Cofer's intent.'
 "(Emphasis added [in Anonymous].) 440 So.2d at 1124."
Anonymous, at 975.
The Supreme Court concluded that "one cannot escape the conclusion that there exists no exception upon which the admissibility of the testimony concerning the prior sexual mistreatment of the defendant's daughter could be based." (Emphasis added.) Id. Although the State argues that the evidence should have been admissible under the exception for plan, design, or scheme, C. Gamble, McElroy's Alabama Evidence, §§ 69.01(6), 70.01(22)(c) (3d ed. 1977), the Alabama Supreme Court has apparently also found this exception inapplicable, as (this court in Grizzell had suggested such exception. We also note that *Page 1226 
in Ex parte Cofer, supra, evidence of an alleged rape which had occurred 10 years prior to the charged offense of sexual abuse "[was] not evidence of a pattern or pre-existing design into which the present charge of sexual abuse fits." Id. at 1124. Because the victim's sister was uncertain of the year in which the appellant allegedly made sexual advances toward her, the remoteness of the offense may also be a factor.
We must reverse the conviction and remand this case on authority of Anonymous v. State, 507 So.2d 972 (Ala. 1987).
REVERSED AND REMANDED.
All the Judges concur.