TYSON, Judge.
In 1989, this appellant was charged with sodomy in the first degree and sexual abuse in the first degree. A jury found the appellant guilty as charged in both indictments. He was sentenced to 25 years’ imprisonment for sodomy and to 5 year’s’ imprisonment for sexual abuse. .
Prior to 1985, the offenses for which the appellant was charged and convicted were subject to a three-year statute of limitations under § 15-3-1, Code of Alabama 1975. Under § 15-3-5(a)(4), Code of Alabama 1975, as amended in 1985, these offenses are no longer subject to a statute of limitation.
In this cause § 15-3-5(b)(2), Code of Alabama 1975, determines whether § 15—3— 5(a)(4) controls. It states that that section applies if the crimes occurred before January 7,1985, and if the statute of limitations under the former statute had not expired before that date.
Due to the inconsistency in the victim’s testimony, we are unable to determine whether this cause is barred by the statute of limitations. When questioned by the State, the victim testified that the first offense occurred when she was five years old. The victim was born on April 23, 1977; consequently, she was five years old on April 23, 1982. If the incident occurred when she was five years old, the three-year statute of limitations would have run, at the earliest, on April 23, 1985. Therefore, the statute would not have run as of January 7, 1985, and, in effect, no statute of limitations would apply. See §§ 15-3-5(b)(2) and 15-3-5(a)(4), Code of Alabama 1975.
However, on cross-examination the victim testified that she was between four and five years old at the time of the offenses. (R. 32.) The victim would have been four years old on April 23, 1981; if the incident occurred before January 7, 1982, the three-year statute of limitations would have run and therefore § 15-3-5 would not apply. Thus the statute of limitations would bar prosecution. If, however, the incident occurred on or after January 7, 1982, the statute would not have run as of January 7, 1985, and no statute of limitations would apply.
Under ordinary circumstances the bar of the statute is not waived by a mere failure to assert it, and the statute of limitations may be properly asserted on appeal. Cox v. State, 585 So.2d 182 (Ala.Crim.App.1991); Hall v. State, 497 So.2d 1145, 1148 (Ala.Cr.App.1986).
Because we are unable to determine from this record exactly when the offense at issue occurred, this cause is hereby remanded for a further hearing to ascertain the dates of the offenses at issue. The appellant shall be present with his attorney and these matters determined by written findings by the trial court. Due return shall be filed within 45 days from date of this opinion in this court. This return shall include all testimony taken at such hearing together with the written findings of the trial court.
REMANDED WITH DIRECTIONS FOR A HEARING.
All the Judges concur except TAYLOR, J., who dissents without opinion.