The appellant, Thomas Atkisson, was indicted in a two-count indictment, for sodomy in the first degree and for sexual abuse in the first degree. The jury found the appellant guilty as charged in both counts of the indictment. The appellant was sentenced under the Habitual Felony Offender Act. For his conviction of sodomy in the first degree, the appellant was sentenced to life imprisonment and for his conviction of sexual abuse in the first degree, the appellant was sentenced to 15 years' imprisonment.
The appellant's daughter, who was living with her mother at the time, testified that, in 1989, when she was approximately seven years old and was visiting her father during her spring vacation, her father put his fingers in her "private parts" and put his mouth to her "private parts." The daughter testified that these acts occurred on the couch in the living room while no one else was present. Furthermore, she testified that the appellant told her that if she told anyone what had happened he would hurt her, her mother, and her siblings.
The State offered the testimony of the appellant's stepdaughter, concerning uncharged collateral sexual misconduct that occurred approximately 7 or 8 years before the charged offenses and approximately 10 or 11 years before trial. Defense counsel objected to the proposed testimony and a hearing was held by the trial court, outside of the presence of the jury, to determine whether the testimony was admissible. The proposed testimony by the appellant's stepdaughter was to the effect that when the stepdaughter was seven or eight years old, the appellant had put his fingers in her vagina and had put his mouth to her vagina. These acts allegedly occurred once while the appellant and his stepdaughter were on the couch in the living room and once in the bathroom, both times while the appellant and his stepdaughter were alone. The appellant allegedly told his stepdaughter that she could not tell anyone about the acts because if she did her mother would stop loving her and he would hurt her, her mother and her siblings.
The State offered the testimony of the alleged collateral sexual offenses under the motive exception to the general exclusionary rule regarding collateral offenses. The trial court admitted the testimony under the common plan or scheme exception to the general exclusionary rule, despite the alleged remoteness in time to the charged offenses. The sole issue presented for this Court's review is whether the trial court erred to reversal by admitting the testimony of the appellant's stepdaughter as to the alleged collateral sexual misconduct. After reviewing Alabama case law regarding similar issues, we hold that no error occurred.
In Alabama, decisions in cases involving sex crimes and the admissibility of evidence of collateral sexual misconduct have been quite perplexing. Under the general exclusionary rule, evidence as to collateral offenses allegedly committed by the accused, in a criminal case, are inadmissible to prove guilt. Anonymous v. State, 507 So.2d 972, 973 (Ala. 1987). This exclusionary rule has several well reasoned exceptions or "other purposes" for which collateral offense evidence may be admitted. The longstanding and well recognized "other purposes" for which collateral offense evidence may be admitted are to prove intent, motive, or identity, or that the crime with which the accused is charged and the collateral crime were committed pursuant to a single plan, design, *Page 35 
scheme, or system. See generally, C. Gamble, McElroy's AlabamaEvidence § 69.01(5), (6), (7), and (8) (4th ed. 1991) (citations omitted). These exceptions have been judicially created because evidence of collateral offenses in these instances is admitted for a purpose other than to suggest that the accused is guilty of the charged offense. However, the application of these exceptions to the general exclusionary rule in sex crime cases has been confusing and requires a review of the evolving law in this area.
In Anonymous, the defendant was convicted of three counts of rape and three counts of incest against his adult daughter.Anonymous, 507 So.2d at 972-73. During the trial, the victim testified that beginning in her early childhood she was often forced by her father to have intercourse with him. She further testified that she had had two abortions to terminate pregnancies resulting from intercourse with her father. The victim's sister also testified that she had been raped by her father and that she had given birth to her father's child. Relying upon Lee v. State, 246 Ala. 69, 18 So.2d 706 (1944), this Court reversed the conviction holding that the testimony regarding the pregnancies was character evidence, which would "divert the minds of the jury from the main issue." Id. at 973. The Alabama Supreme Court agreed with this Court's holding in Anonymous with regard to the pregnancies, and further held that the identity and intent exceptions to the general exclusionary rule were not applicable in that case because identity and intent were not in issue. Id.
The Alabama Supreme Court recognized that its holding inAnonymous created some confusion with regard to the admissibility of evidence of collateral sexual offenses in sex crime cases. Misinterpretations of the holding in Anonymous led to the mistaken belief that intent or identity were the only narrow viable exceptions to the general exclusionary rule in sex crime cases, and that perhaps, even those exceptions were not applicable. See Bowden v. State, 538 So.2d 1224, 1225
(Ala.Crim.App. 1987) (wherein this Court quoted the following dictum from Anonymous: "one cannot escape the conclusion that there exists no exception upon which the admissibility of the testimony concerning the prior sexual mistreatment of the defendant's daughter could be based" (emphasis added inBowden)); Watson v. State, 538 So.2d 1216, 1222-23
(Ala.Crim.App. 1987).
To clarify any misunderstanding regarding the admissibility of evidence of collateral sexual offenses in sex crime cases, the Alabama Supreme Court granted certiorari review and consolidated two cases on review from this Court, Bowden v.State, 538 So.2d 1224 (Ala.Crim.App. 1987), and Watson v.State, 538 So.2d 1216 (Ala.Crim.App. 1987), reexamining itsAnonymous decision. Bowden v. State, 538 So.2d 1226 (Ala. 1988). In Bowden, the Alabama Supreme Court clearly held that evidence of collateral sexual offenses in sex crime cases may be admissible under any of the exceptions to the general exclusionary rule. 538 So.2d at 1233. The Court stated, "Additionally, in view of this Court's clarification herein of the scope of our decision in Anonymous, we further conclude that, provided a proper showing of materiality is made, evidence of collateral sexual misconduct would be admissible to prove a material 'other purpose.' " 538 So.2d at 1234.
In Bowden, the Supreme Court held that evidence of collateral sexual misconduct may be admissible, depending upon the material purpose for which that evidence is offered. 538 So.2d at 1237. Further, the Court set forth the factors to be analyzed on a case-by-case basis, to determine the admissibility of the evidence of collateral sexual misconduct. 538 So.2d at 1238. The admissibility of such evidence depends upon: (1) the offenses charged; (2) the circumstances surrounding the offenses charged and the collateral offenses; (3) the other collateral evidence offered at the trial; and (4) the other purposes for which it is offered. 538 So.2d at 1237-38.
In this case, the stepdaughter testified to acts of the appellant which were nearly identical to those acts of the appellant that were testified to by the victim. Both the victim and the stepdaughter were sexually assaulted in the same manner. The victim and the stepdaughter were sexually abused at the same location, i.e., each was alone with the accused on the couch when the abuse *Page 36 
occurred. The victim and the stepdaughter were about the same age at the time of the sexual abuse. Both the victim and the stepdaughter were told by the appellant that they could not tell anyone about the acts because the appellant would harm members of their family. The facts of the collateral offense as testified to by the accused's stepdaughter are precisely the same as those facts of the offenses with which the appellant was charged as testified to by the victim. The collateral acts exhibit a common plan or scheme because those acts were "so connected by circumstances with the particular crime in issue as that proof of one fact with its circumstances has some bearing upon the issue on trial other than to show the defendant's bad character or moral delinquency." Brasher v. State, 249 Ala. 96, 99, 30 So.2d 31,33 (1947).
We hold that the trial court did not err in admitting evidence of the collateral sexual offenses. The trial court properly admitted the testimony of the appellant's stepdaughter in evidence under the common plan, design, or scheme exception to the general exclusionary rule.
The evidence of the collateral sexual offenses in this case was also admissible under the motive exception to the general exclusionary rule. The Supreme Court, in Bowden, did not eliminate the motive exception to the general exclusionary rule concerning evidence of collateral offenses in sex crimes cases. Rather, since intent is rarely at issue in prosecutions for first degree rape, the Court distinguished the meaning of "intent" from the meaning of "motive." The Court stated:
 "[I]t is important to distinguish between intent and motive, two elements that are often confused. 'These are not the same in law. Intent is the ripened purpose to effect a result; while motive is the moving power which leads the mind to desire the result and form the purpose.' Fuller v. State, 269 Ala. 312, 336, 113 So.2d 153, 175 (1959). Motive is defined as 'an inducement, or that which leads or tempts the mind to do or commit the crime charged.' Spicer v. State, 188 Ala. 9, 11, 65 So. 972, 977 (1914). Motive has also been described as 'that state of mind which works to "supply the reason that nudges the will and prods the mind to indulge in the criminal intent." ' Gamble, Character Evidence, [: A Comprehensive Approach (1987)] at 42.
Bowden 538 So.2d at 1235.
The Supreme Court upheld the principle that evidence offered for the purpose of proving motive is always admissible. Id. (citing McClendon v. State, 243 Ala. 218,8 So.2d 883 (1942); Donahoo v. State, 505 So.2d 1067
(Ala.Crim.App. 1986). The Alabama Supreme Court did not discount motive as a permissible 'other purpose' for evidence of collateral sexual misconduct in cases in which the defendant is not charged with incest. Rather, the Court stated that the admissibility of such collateral evidence under the motive exception is questionable. Id. Depending upon the facts of the case and the result of the Bowden analysis, even where the defendant is not charged with incest, evidence of collateral sexual misconduct may be admissible under the motive exception to the general exclusionary rule.
In this case, the appellant was not charged with incest. Nevertheless, we conclude that the evidence of the collateral sexual offenses tends to establish the appellant's motive. Regardless of whether the appellant was charged with incest, the appellant's motive, which tends to establish the inducement to commit the act, is still an applicable exception to the exclusionary rule in this case. " 'It is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense.' McAdory v.State, 62 Ala. 154 (1878). Nickerson v. State, 205 Ala. 684, [687], 88 So. 905, 907 (1921)." Bowden, 538 So.2d at 1235 (emphasis added in Bowden). Here, the collateral offense evidence confirms the appellant's unnatural sexual passion for his children when they are approximately seven years of age, and such evidence explains why the appellant's daughter was the victim of the sexual abuse.
The motive exception has been applied by this Court in cases subsequent to the Supreme Court's Bowden decision. J.D.S.v. *Page 37 State, 587 So.2d 1249 (Ala.Crim.App. 1991). In J.D.S., the defendant was charged with first degree sodomy, second degree sodomy, second degree rape, and incest against his natural daughter. 587 So.2d at 1251. Specifically, it was alleged that the defendant required his daughter to perform fellatio. The defendant was convicted of second degree rape and second degree sodomy. This Court, pursuant to the motive exception, affirmed the admissibility of testimony by the defendant's stepson that the defendant had performed fellatio upon him. Id. at 1255. This Court found it insignificant that the charged offenses involved a natural daughter and the collateral offense involved a stepson. Id. In this case, we find it insignificant that the victim of the charged offense is the appellant's daughter and the victim of the collateral offense is the appellant's stepdaughter.
In J.D.S., we also found it inconsequential that the charged offenses involved the defendant's forcing his daughter to perform fellatio upon him while the uncharged offense involved the defendant performing fellatio upon the stepson. Id. We find the reasoning and decision in J.D.S. to be applicable in this case. Because the facts surrounding the evidence of the collateral offenses in this case are the same as the facts surrounding the charged offenses, it is not as significant that the appellant is not charged with incest in order for the motive exception to apply.
Moreover, in Bowden, the Alabama Supreme Court stated, "just as we do not liberally extend the exceptions to the rule of exclusion in sex crime prosecutions, neither do we intend that their applicability be more narrowly restricted in such cases."Bowden, 538 So.2d at 1233. In Bowden, the Supreme Court did not hold that for evidence of a collateral sexual offense to be admissible that the collateral offense had to be perpetrated upon a member of the victim's family. Nor did the Supreme Court require the collateral sexual misconduct match precisely the sexual misconduct with which the accused is charged for the collateral evidence to be admissible. Such requirements would be unduly restrictive, especially in cases in which the victim is a child and must testify at trial as a State's witness.
Often, in cases similar to this one, upon discovery of potential sexual abuse, the victimized child is removed from the home. Removal, although necessary, can traumatize the child. The child is often subjected to interviews by strangers, such as the police, social workers, doctors, and prosecutors. The child is expected to testify in court, another frightening experience. The trial may be public and the child is requested to testify before a number of strange adults in a formal surrounding about embarrassing details of sexual abuse which may have been perpetrated by a family member. The child's testimony is many times given in the presence of his or her parents, who may be angry and bitter. This process, although often essential to protect the parties involved, leads to reliability problems with the child's testimony. Ordway, Parent-Child Incest: Proof at Trial WithoutTestimony in Court by the Victim, 15 U.Mich.J.L.Ref. 1 (1981).
This Court has recognized that in such cases the need for corroborating testimony enhances the probative value of collateral offense evidence and lessens the prejudicial effect of such evidence. J.D.S., 587 So.2d at 1255. In J.D.S., the guilt or innocence of the accused depended solely upon the testimony of the victim. This Court discussed exigent circumstances surrounding the victim's past and her trial testimony and specifically noted "there was a genuine need by the prosecution to corroborate and substantiate" the testimony of the victim. 587 So.2d at 1255. (citing Ex parte Smith,581 So.2d 531 (Ala. 1991)).
In the present case, the guilt or innocence of the appellant depended solely upon the testimony of the victim. The victim was only 10 years old at the time of the trial. She was testifying against an adult family member about the sexual acts to which he subjected her. The defense produced testimony that the child was not with the appellant during the time the victim testified that the sexual acts had occurred. Just as in J.D.S., the circumstances of this case presented a need by the State to substantiate the testimony of the victim. *Page 38 
In determining that the collateral evidence in this case was properly admitted under the motive exception as well as under the common plan exception, we are applying the factors set forth in Bowden. The offenses with which the appellant was charged are sodomy in the first degree and sexual abuse in the first degree. Had the appellant been formally charged for the acts perpetrated upon his stepdaughter, the charges would be the same as in this case, i.e., first degree sodomy and first degree sexual abuse. The circumstances surrounding the offenses charged and the collateral offenses are virtually identical. Very little other collateral evidence was offered at the trial of the case, and the circumstances surrounding the testimony of the victim presented a need by the State to have the stepdaughter's corroborating testimony. The purpose for which the State offered the collateral offense testimony, i.e., motive, is a valid, admissible purpose and is not used to establish the guilt of the appellant with regard to the charges against him.
Because of the similarities between the offenses charged and the collateral sexual offenses, because of the need to substantiate the victim's testimony, and because of the circumstances surrounding the victim's testimony, we do not find that the prejudicial effect of the collateral offense evidence outweighed its probative value. See J.D.S., 587 So.2d at 1255.
Furthermore, the trial court gave the following instruction in its jury charges:
 "Now, Ladies and Gentlemen, it may be that there was evidence offered in this case in regard to other alleged specific conduct or acts on the part of some individuals other than the specific charge — two charges in the indictment. This evidence cannot be considered by you in passing upon whether the defendant actually committed the acts charged in this case. Nor may it be considered by you in considering the character of the accused.
 "Such evidence may be considered by you only in passing upon what the defendant's design or common plan, if any, may have been at any time material to the issues in this case.
 "Evidence of other alleged specific offenses [has] been offered. That evidence is not offered nor allowed in for your consideration as evidence that the defendant committed the acts that are charged in this case simply because he may have committed some other similar act at a time not in issue in this case. . . ."
When a trial court rules that collateral offense evidence is admissible, the defendant should request a limiting instruction similar to the one given in this case. Such an instruction clearly limits the use of the collateral offense evidence by the jury and further diminishes any alleged prejudicial impact of the collateral offense evidence. In this case, the charge to the jury further diminished any prejudicial effect of the collateral offense evidence.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs specially with opinion.