ON RETURN TO REMAND
The appellant, Steve Rod Allen, was charged with sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975, and with sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. A jury found the appellant guilty as charged in the indictment. The appellant was sentenced to 25 years' imprisonment on the sodomy conviction and to 5 years' imprisonment on the sexual abuse conviction.
The evidence presented during the trial tended to show the following. Sergeant Ricky Vann, who was assigned to assist in the investigation of the charges, testified that the appellant was over 16 years old and that the victim, M.P., was under 12 years old at the time the incidents out of which the charges arose occurred.
M.P., who was thirteen years old at the time of the trial, testified that the first incident occurred when she was sitting on the appellant's lap and he was reading a book to her. She stated that the appellant put his hands inside her shorts and underclothing and rubbed her vagina.
The second incident occurred while the appellant was babysitting her on the evening of her parents' anniversary. M.P. testified that the appellant took her to her parents' room, laid her on the bed, and placed his penis in her mouth. The appellant then put his mouth on her vagina, and was "biting" her. M.P. did not tell her parents about the incidents at the time because, she said, she did not understand what had happened to her and she was afraid of the appellant because he had hurt her. She tried to stay away from the appellant after the incidents.
In 1988, when M.P. was in the sixth grade, she saw a television program at school dealing with child sex abuse. Over a period of time, she began to learn about what had happened to her. She told a school counselor about the incidents. She also told her parents about the incidents.
T.K., who was 20 years old at the time of trial, testified as to events that occurred two to four years before the incidents involving M.P. occurred. At that time, the appellant's brother was married to T.K.'s mother. T.K. was approximately 11 years old when the appellant was her step-uncle. At that time, the appellant lived in the same home as T.K. T.K testified that at night after she had gone to bed, the appellant would come into her room and touch her "private parts." On one occasion, she left her room and told her mother what had happened. Her mother told her to return to her bedroom. Her mother went to T.K.'s bedroom with her and waited in the room. After a short time, the appellant returned to T.K.'s bedroom wearing only his underclothing. T.K. testified that her mother had then stopped him from sexually abusing T.K.
 I
The appellant first argues that the statutory limitations period on the charges had expired and, that, therefore, the charges should have been dismissed. Because it was unclear from the record as to when the sodomy and sexual abuse took place, we remanded this case to the circuit court for a determination of when those offenses occurred. 624 So.2d 648
(Ala.Crim.App. 1991). *Page 652 
On remand, the Circuit Court of Houston County held a hearing, and found that the sodomy charge occurred on or about October 5, 1982. The sexual abuse charge occurred during the summer of 1982.
The offenses with which the appellant was charged were subject to a three-year statutory limitations period under § 15-3-1, Code of Alabama 1975. In 1985, § 15-3-5, Code of Alabama 1975, was amended to include within those offenses having no statutory period of limitations any sex offense against a victim under 16 years of age. § 15-3-5(b)(2), Code of Alabama 1975, states that the 1985 amendment applies to offenses that occurred before January 7, 1985, provided that the statute of limitations under the pre-existing law had not expired before that date.
In this case, the three-year statute of limitations would have expired in the summer of 1985 on the sex abuse charge and on October 5, 1985 on the sodomy charge. Because under the law in effect before the 1985 amendment, the statutory limitations period would not have expired by January 7, 1985, under §15-3-5(b)(2), there is no limitations period within which to prosecute the appellant for the charges in this case. Therefore, the charges were not due to be dismissed on the ground that the statutory period of limitations has run.
 II
The appellant further argues that it was error to admit the testimony of T.K. concerning the alleged collateral sexual misconduct of the appellant. The appellant contends that the collateral offense evidence was too remote to be admissible as evidence in this case. We disagree.
Under the general exclusionary rule, evidence of collateral offenses is not admissible solely to prove the guilt of the accused. Anonymous v. State, 507 So.2d 972, 973 (Ala. 1987). However, evidence of collateral offenses is admissible under exceptions to the general exclusionary rule, such as to prove the accused's motive, intent, identity, or common plan or scheme. See generally, C. Gamble, McElroy's Alabama Evidence, § 69.01(5), (6), (7), and (8) (4th ed. 1991).
The State argues that the evidence of the collateral sexual offense was admissible under the intent exception to the general exclusionary rule. However, intent is not an element of sex abuse and sodomy. See Ala. Code 1975, §§ 13A-6-63, 66. Intent may be inferred from the acts themselves. Anonymous,507 So.2d at 975; Ex parte Cofer, 440 So.2d 1121, 1124 (Ala. 1983).
The State next argues that the evidence of the collateral sex offense was admissible under the motive exception to the general exclusionary rule. We agree. In Bowden v. State,538 So.2d 1226, 1235 (Ala. 1988), the Alabama Supreme Court held that evidence tending to establish motive is always admissible. (Emphasis in original). The Court distinguished motive from intent, stating:
 "[I]t is important to distinguish between intent and motive, two elements that are often confused. 'These are not the same in law. Intent is the ripened purpose to effect a result; while motive is the moving power which leads the mind to desire the result and form the purpose.' Fuller v. State, 269 Ala. 312, 336, 113 So.2d 153, 175 (1959). Motive is defined as 'an inducement, or that which leads or tempts the mind to do or commit the crime charged.' Spicer v. State, 188 Ala. 9, 11, 65 So. 972, 977 (1914). Motive has also been described as 'that state of mind which works to "supply the reason that nudges the will and prods the mind to indulge in the criminal intent." ' Gamble, Character Evidence [A: Comprehensive Approach
(1987)
Id. at 1235.
Recognizing that evidence tending to establish motive is always admissible, the Court concluded:
 "We now hold as follows: It may well be, when the third party against whom the defendant is claimed to have committed a collateral sexual offense is the defendant's child, that collateral offense evidence is more relevant in proving the material 'other purpose(s)' for which it is offered in a sex crime prosecution than would be evidence of other third party offenses. This of course depends upon (1) the offense(s) charged; (2) the circumstances surrounding *Page 653 
the offense(s) charged and the collateral offense(s); (3) the other collateral evidence offered at trial, and (4) the other purpose(s) for which it is offered. Thus, as previously noted, the analysis must be case by case."
Id, at 1237-38.
In Atkisson v. State, [Ms. CR-91-1825, May 28, 1993], 1993 WL 179526 (Ala.Crim.App. 1993), this Court, in applying theBowden factors, noted that the Alabama Supreme Court in Bowden
did not hold that in order for evidence of a collateral sexual offense to be admissible the collateral offense had to have been committed upon a member of the victim's family. 1993 WL 179526, * 3. Moreover, this Court noted in Atkisson that the Supreme Court's holding in Bowden did not require that the facts surrounding the collateral sexual misconduct precisely match the facts surrounding the charged offenses. 1993 WL 179526, * 4.
In applying the Bowden factors to this case, we hold that although the collateral offense was not perpetrated on a family member of the victim, it is admissible under the motive exception to the general exclusionary rule.
First, the appellant was charged with sodomy and sexual abuse of M.P. The evidence of the sexual abuse testified to by T.K. were similar to those the appellant is now charged with.
Second, the circumstances surrounding the charged offenses and the collateral sexual offense are similar, i.e., both victims are females in the same age group, young and vulnerable to adults, and the offenses were committed in their own homes. It is not significant that the sexual misconduct was not precisely the same with both of the girls. We have held that a collateral act of sexual misconduct need not precisely match the charged offense to be admissible. Atkisson, 1993 WL 179526, * 4; Register v. State, [Ms. CR-92-179, May 28, 1993], 1993 WL 179839, * 6 (Ala.Crim.App. 1993); J.D.S. v. State,587 So.2d 1249 (Ala.Crim.App. 1991).
Third, we must consider the strength of the evidence offered during the trial. Register, 1993 WL 179839, * 3, n. 1. In this case, there was no other collateral evidence offered at the trial. Thus, State needed to offer T.K.'s testimony regarding the collateral sexual misconduct to corroborate the victim's testimony. See Atkisson, 1993 WL 179526, * 5; Register, 1993 WL 179839, * 3. As we stated in Atkisson:
 "[I]n cases similar to this one, upon discovery of potential sexual abuse, . . . [t]he child is often subjected to interviews by strangers, such as the police, social workers, doctors, and prosecutors. The child is expected to testify in court, another frightening experience. The trial may be public and the child is requested to testify before a number of strange adults in a formal surrounding about embarrassing details of sexual abuse. . . . This process, although often essential to protect the parties involved, leads to reliability problems with the child's testimony."
(Citations omitted) In this case, the transcript reflects that M.P., a 13-year-old child, had difficulty testifying about the appellant's sexual misconduct. Apart from T.K.'s testimony, the State offered no collateral evidence to corroborate M.P.'s testimony or to assist the jury in making a determination of M.P.'s credibility. The appellant, in his brief, argues that the young age of the victim creates problems with her testimony. Because of the victim's young age, because of her difficulty in testifying, because of the lack of other collateral evidence, and because of the fact that both M.P. and T.K. were subjected to thorough cross-examination, a genuine need existed on the part of the State to present the testimony of T.K., a 20-year-old woman at the time of the trial. SeeAtkisson, 1993 WL 179526, * 5; Register, 1993 WL 179839, * 6.
Last, the purpose for which the collateral sex offense evidence was offered was not to establish the guilt of the appellant as to the crimes with which he was charged. The evidence was offered to show the appellant's motive sexually abusing M.P. As stated, evidence of motive is always admissible, and because after applying the Bowden factors to this case, we conclude that the probative value of the evidence of the collateral sex offense outweighs its prejudicial effect, we *Page 654 
uphold the trial court's decision to admit the testimony regarding the appellant's collateral sexual misconduct.
The record tends to reflect that the appellant's sexual misconduct with T.K. occurred approximately two to four years prior to his sexual misconduct with M.P. In Register, 1993 WL 179839, * 7, this Court held that the admissibility of evidence of a collateral offense that occurred less than 10 years before the charged offense is within the discretion of the trial court. Furthermore, in J.D.S., we held that collateral offenses occurring three to nine years before the charged offenses were not too remote to preclude the admission of evidence of those offenses. J.D.S., 587 So.2d at 1251; See also Ex parte Cofer,440 So.2d 1121, 1124 (Ala. 1983). Thus, the acts against T.K. were not too remote to be admissible into evidence.
 III
The appellant further argues that the trial court erred in refusing to admit the testimony of Cindy Wilson, a social worker who had interviewed M.P. in connection with the charges against the appellant. The record reveals that defense counsel called Wilson to the stand to testify and that she did, in fact, testify. Her testimony, however, was limited. On direct examination, defense counsel questioned Wilson as to whether she believed M.P.'s allegations of sexual misconduct by the appellant. The State objected to this line of questioning on the ground that Wilson could not give opinion testimony as to the truth of the victim's allegations or the veracity of the victim; the trial court sustained the objections.
A witness's credibility may be impeached by showing (1) the witness's bad general reputation in the community, or (2) the witness's reputation in the community for lack of truth and veracity. Smitherman v. State, 521 So.2d 1050
(Ala.Crim.App. 1987), cert. denied, Ex parte Smitherman, 521 So.2d 1062
(Ala. 1988); McElroy's § 140.01(1) (4th ed. 1991). However, a witness may not testify that he or she would not believe another witness under oath unless the witness has first testified to the other witness's bad general reputation or the witness's reputation for lack of truth and veracity. SeeJackson v. State, 106 Ala. 12, 17 So. 333 (1895) (witness may not testify that from his dealings with another he is of the opinion the such other is not worthy of belief); McElroy's,supra.
The trial court did not err in limiting defense counsel's line of questioning of the social worker.
 IV
Last, the appellant challenges the sufficiency of the evidence to support his conviction on the charges. Specifically, the appellant argues that the victim's age and the amount of time since the alleged offenses occurred, "raise serious doubts about the accuracy of her allegations." The appellant's argument is without merit.
The Court, when presented with a challenge to the sufficiency of the evidence, must accept as true the evidence introduced by the prosecution, must make all legitimate inferences from the evidence, and must consider that evidence in the light most favorable to the prosecution. Morgan v. State, 589 So.2d 1315,1317 (Ala.Crim.App. 1991); Jackson v. State, 516 So.2d 726,752 (Ala.Crim.App. 1985).
The statute defining the offense of sexual abuse in the first degree provides, in part:
 "(a) A person commits the crime of sexual abuse in the first degree if:
". . .
 "(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old."
Ala. Code 1975, § 13A-6-66.
The statute defining sodomy in the first degree provides, in part:
 "(a) A person commits the crime of sodomy in the first degree if:
". . .
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse *Page 655 
with a person who is less than 12 years old."
Ala. Code 1975, § 13A-6-63.
In this case, the prosecution presented evidence that at the time the appellant committed the acts for which he was charged, he was over 16 years of age and M.P., the victim, was younger than 12 years of age. M.P. testified that the appellant, on one occasion, reached inside her clothing and rubbed her vagina. M.P. further testified that on another occasion the appellant stuck his penis in her mouth and then placed his mouth on her vagina. Because these acts, as testified to by the victim, amount to sexual abuse in the first degree and sodomy in the first degree, respectively, sufficient evidence was presented to the jury to support the appellant's convictions. The evidence was sufficient to allow the jury to infer the appellant's guilt beyond a reasonable doubt. South v. State,533 So.2d 729 (Ala.Crim.App. 1988); McCrory v. State,505 So.2d 1272 (Ala.Crim.App. 1986).
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion in which TAYLOR, J., joins.