The narrowest reading of Bowden v. State, 538 So.2d 1226
(Ala. 1988), is that in a prosecution of a father for incest and rape or sexual abuse of his daughter, evidence of a collateral sex offense against another of the accused's daughters may be admitted to show the accused's motive for the charged offense.
This Court has interpreted Bowden to allow evidence of collateral sex offenses against sons or stepsons when one of the charged offenses is incest. See J.D.S. v. State,587 So.2d 1249 (Ala.Cr.App. 1991). We have stretched Bowden to allow evidence of collateral sex offenses against daughters or stepdaughters even when there was no charge of incest. SeeAtkisson v. State, [Ms. CR-91-1825, May 28, 1993], 1993 WL 179526 (Ala.Cr.App. 1993); Register v. State, [Ms. CR-92-179, May 28, 1993], 1993 WL 179839 (Ala.Cr.App. 1993).
Today, however, the majority stretches Bowden completely beyond the facts of intra-familial sex abuse and applies the "motive" exception to what is essentially "propensity" evidence. In doing so, the majority ignores Brasher v. State,249 Ala. 96, 30 So.2d 31 (1947), a case more nearly on point, and one which we are bound to follow until the Alabama Supreme Court itself overrules it. See Ala. Code 1975, § 12-3-16.
Brasher was charged with having carnal knowledge of a thirteen-year-old girl. The victim positively identified Brasher as her assailant. Brasher pleaded not guilty and asserted an alibi defense. In order to prove identity, the prosecution introduced evidence that approximately four months prior to the charged offense, Brasher had "performed degenerate and perverted sexual acts" with a five-year-old girl.249 Ala. at 97, 30 So.2d at 32.
The Supreme Court concluded that because Brasher denied the charged act, "the identity of the perpetrator of the crime was in issue." 249 Ala. at 98, 30 So.2d at 32[1]. The court phrased the question to be decided as follows:
 "Can the prosecution introduce evidence of other offenses committed by the accused with third persons for the purposes of identifying him as the person who committed the specific crime charged, when such evidence does nothing more than show the accused's inclination or disposition to commit that type of crime or to show his sexual depravity?"
Brasher, 249 Ala. at 99, 30 So.2d at 33. The court determined that the circumstances surrounding the charged act with the thirteen-year-old girl were not sufficiently similar to the circumstances surrounding the collateral *Page 656 
act with the five-year-old girl to warrant the admission of the five-year-old's testimony. The court then answered its own question in the negative. It concluded that the collateral act showed nothing more than that the accused "was a man with adisposition, propensity, or inclination to commit such offenses with little girls." 249 Ala. at 98, 30 So.2d at 32 (emphasis added). Speaking of evidence that "merely tends to show disposition, inclination, propensity or depravity," the court observed that
 "[s]uch testimony in its final analysis shows nothing more than that the defendant's character is bad or that he is morally deficient. The prosecution cannot attack the character of the defendant, unless he first puts that in issue by offering evidence of his good character. It cannot show the defendant's bad character by showing particular acts."
Brasher, 249 Ala. at 100, 30 So.2d at 34-35.
Brasher states the general rule of exclusion of "propensity" evidence, to which Anonymous v. State, 507 So.2d 972
(Ala. 1987), Bowden v. State, 538 So.2d 1226 (Ala. 1988), J.D.S.v. State, 587 So.2d 1249 (Ala.Cr.App. 1991), Atkisson v. State, [Ms. CR-91-1825, May 28, 1993], 1993 WL 179526 (Ala.Cr.App. 1993), and Register v. State, [Ms. CR-92-179, May 28, 1993], 1993 WL 179839 (Ala.Cr.App. 1993), can be explained only as intra-familial exceptions.
Bowden was actually a consolidated opinion that decided two cases, Watson v. State and Bowden v. State, and that explained an earlier case, Anonymous v. State. In each of those three cases (Anonymous, Watson, and Bowden), and in J.D.S.,Atkisson, and Register, the accused was charged with a sexual offense against one his own children, and the prosecution introduced evidence of a collateral sex offense against another of the accused's children. Because there is no basis for believing that any of the foregoing six cases states a rule that is applicable to collateral sex offenses committed against nonfamily members, I disagree with the majority's conclusion that "the Alabama Supreme Court in Bowden did not hold that in order for evidence of a collateral sexual offense to be admissible [under the motive exception] the collateral offense had to have been committed upon a member of the victim's family." On the contrary, I believe that that is precisely whatBowden held, and why the Bowden majority found whether or not the accused had been additionally charged with incest to be significant.
Bowden does not stand for the proposition that the accused's motive to sexually assault any victim may be shown by a sexual assault on another victim. Instead, Bowden stands for the proposition that the accused's motive to sexually assault one of his children may, depending on a four-factor balancing test, be shown by a collateral sexual act with another of his children:
 "It may well be, when the third party against whom the defendant is claimed to have committed a collateral sexual offense is the defendant's child, that collateral offense evidence is more relevant in proving the material 'other purpose(s)' for which it is offered in a sex crime prosecution than would be evidence of other third party offenses. This of course depends upon (1) the offense(s) charged; (2) the circumstances surrounding the offense(s) charged and the collateral offense(s); (3) the other collateral evidence offered at trial, and (4) the other purpose(s) for which it is offered. Thus, as previously noted, the analysis must be case by case."
Bowden, 538 So.2d at 1237-38 (emphasis added). The court also stated:
 "[W]here . . . a defendant is charged with the first degree rape of his minor daughter, evidence establishing that he had raped and/or committed acts of sexual abuse toward her prior to or subsequent to the offense for which he is charged, is admissible to prove his motive in committing the charged offense. Such evidence tends to establish the inducement, (i.e., unnatural sexual passion for his child) that led him to rape or molest her.
 "However, where the defendant is not charged with the offense of incest, as neither Bowden nor Watson was, it becomes questionable whether evidence establishing that the accused raped and/or sexually abused one or more of his other children is *Page 657 
admissible to prove his motive in raping the victim, also his child."
Bowden, 538 So.2d at 1235 (emphasis in original).
In the present case, the appellant was not related to M.P., and M.P. was not related to T.K. The appellant's alleged sexual assaults against M.P. occurred when he was either a guest or a babysitter in her home. At the time of the charged acts, M.P. was five years old. Supp.R. 7-10.
The appellant was T.K.'s step-uncle. His alleged sexual assault against T.K. occurred while he was living in T.K.'s home. At the time of the collateral sexual misconduct, T.K. was nine years old. R. 51, 54.
As the majority points out, evidence of the collateral sex offense against T.K. was not admissible under the "intent" exception to the general exclusionary rule. See Ex parte Cofer,440 So.2d 1121, 1124 (Ala. 1983). It was also not admissible under the "identity" exception, since the appellant's mere denial that the acts against M.P. ever occurred did not create a " 'real and open' issue concerning identity." Anonymous,507 So.2d at 975.
Evidence of the collateral act against T.K. was admissible, if at all, only under the "motive" exception to the general rule excluding evidence of collateral acts. Neither Bowden,Anonymous, J.D.S., Atkisson, nor Register, is authority for admitting T.K.'s testimony to prove motive. Those cases essentially carve out an intra-familial abuse exception called "motive" to what would, in most situations, be "propensity" evidence.
I believe the Bowden court appreciated the thin line between evidence showing "motive" and evidence showing nothing more than mere "propensity," which had been held inadmissible inBrasher. That court recognized that there was "authority, perhaps even a modern trend," to admit collateral sexual misconduct "for the purpose of showing that the accused has thepropensity to commit the sex crime for which he is charged."538 So.2d at 1233 (emphasis in original). The court, however, declined to follow that trend. Id.
The Bowden court acknowledged that many other jurisdictions "justify the reception of evidence of other similar offenses . . . in prosecutions for sexual offenses," and it found that justification "particularly apropos of the sexual offenses of incest and the accused's rape or sexual abuse of his children."538 So.2d at 1233 (emphasis in original deleted, other emphasis added). Concurring in part and dissenting in part, Justice Maddox even declared that
 "[a] sex offender's 'passion or propensity' for sexual misconduct is a primary motive for the commission of the crime charged."
Bowden v. State, 538 So.2d at 1239 (Maddox, J., concurring in part and dissenting in part) (emphasis added).
Using the four-factor balancing test of Bowden, which I do not believe even applies in the context of non-familial sex crimes, the majority observes that the appellant committed similar offenses against "females in the same age group, young and vulnerable to adults." That observation, made to uphold the admission of the evidence of the collateral offenses in this case, indicates how far the majority has departed from Brasher, which used a similar observation to denounce the admission of evidence of collateral offenses. The Brasher court rejected the collateral evidence because it showed that the accused "was a man with a disposition, propensity, or inclination to commit such offenses with little girls." Brasher, 249 Ala. at 98,30 So.2d at 32.
Obviously, times have changed since 1947 whenBrasher was decided and the incidence of sex crimes against children concerns everyone. This Court is not free, however, to disregard Brasher or to expand the meaning of Anonymous andBowden. Until the Supreme Court overrules Brasher or extends the rule of the Anonymous/Bowden line of cases to prosecutions for non-familial sex offenses, we should hold that "propensity" testimony masquerading as evidence of "motive" is inadmissible.
[1] Later decisions of our Supreme Court have repudiated this conclusion. After Anonymous v. State, 507 So.2d 972, 975
(Ala. 1987), and Bowden v. State, 538 So.2d 1226, 1228
(Ala. 1988), the mere denial of the act by the accused does not
put identity in issue. *Page 658