I dissent from Part III of the majority opinion holding that the trial court erred in failing to sever counts VII and VIII from the indictment for purposes of trial. The majority concludes that these counts are not part of a common scheme or plan. The majority concedes that a joint trial of the offenses is permissible if the evidence of each offense would be admissible in the trial of the other offenses if separate trials were held. I maintain that the evidence relating to the offenses against C.F. were admissible in the trial of the offenses against A.K., and that, therefore, the trial court did not err in trying the offenses jointly.
Clearly, the offenses against C.F. and A.K. revealed a common plan or scheme by the appellant, and, therefore, each offense would be admissible in the trial of the other if tried separately. A.K. and C.F. are cousins; C.F. knew the appellant because A.K. had introduced them; A.K. and C.F. were subjected to the same deviant behavior — the appellant took nude photographs of both; A.K. and C.F. were both at a young and vulnerable age at the time of the appellant's sexual misconduct; and the sexual misconduct against them occurred only a few months apart.
The majority holds that the offense against one would not be admissible in the trial of the offense against the other because the common plan or scheme exception to the general exclusionary rule of collateral offense evidence applies only in conjunction with the identity exception and the identity of the perpetrator was not a real and open issue in this case. However, the common plan or scheme exception is not limited solely to cases where identity is in issue.
This Court has applied the common plan or scheme exception in conjunction with the motive and intent exceptions to the general exclusionary rule and for other reasons, so long as the collateral offense evidence is not used to show the propensity of the accused to commit the crime with which he is now charged. Allen v. State, 624 So.2d 650 (Ala.Crim.App. 1993); Atkisson v. State, 640 So.2d 33 (Ala.Crim.App. 1993);Jones v. State, 580 So.2d 97 (Ala.Crim.App. 1991); Coleman v. *Page 33 State, 491 So.2d 1086 (Ala.Crim.App. 1986); See also Harveyv. State, 579 So.2d 22, 26, (Ala.Crim.App. 1991); Schroeder,Alabama Evidence § 4-4 (Supp. 1991). In these cases, the identity of the perpetrator was not in issue.
I adhere to my concurrence in Register v. State, 640 So.2d 3
(Ala.Crim.App. 1993). Where relevant and material and where the facts surrounding the collateral offense evidence are comparable to those surrounding the charged offense, evidence of the collateral offense is admissible under the common plan or scheme exception. Therefore, I would affirm the trial court's decision to permit a joint trial of counts VII and VIII of the indictment pursuant to the common plan or scheme provision set forth in Rule 13.3(a), A.R.Crim.P.