KELLUM, Judge.
The appellant, Trenton J. McClain, was convicted of murder, a violation of § 13A-6-2, Ala. Code 1975. The circuit court sentenced McClain to 50 years’ imprisonment. The court ordered McClain to pay $50 to the crime victims compensation fund and $11,976.56 in restitution.
The evidence presented at trial established the following pertinent facts. On the evening of September 1, 2006, Jamu-ary Whittaker rode with his friend Robert Williams to the Chicken Coop, a club in Gainestown. Once they arrived at the Chicken Coop, Whittaker and Williams got out of the vehicle. Williams testified that Whittaker immediately began talking to two friends, one of whom was McClain’s cousin, Charlie McGaster. According to Williams, the only thing Whittaker had in his hand was a beer. Williams testified that McClain went up to McGaster and asked him if he had some “heat,” meaning a gun, and McGaster said, “No.” (R. 84.) McClain then walked away. Williams testified that McClain returned a few minutes later, shot Whittaker with a shotgun, and immediately ran away. According to Williams, Whittaker said nothing to McClain that evening and Whittaker had not exchanged cross words with McClain in the weeks leading up to the shooting. Williams testified that neither he nor Whittaker had a gun on his person that evening.
Derrick Hunt, who was at the Chicken Coop on the night of September 1, 2006, testified that he was standing behind Williams’s vehicle when he heard a shot and saw McClain holding a single-barrel shotgun. According to Hunt, after McClain shot Whittaker he said to Whit-taker “swing on me now, laugh at me now,” then ran off into some nearby bushes. (R. 112.) Hunt testified that he did not see anyone else that evening, other than McClain, who had a gun in his possession.
Antonio Jemel Jones, Whittaker’s cousin, testified that he also saw McClain shoot Whittaker. According to Jones, several weeks before the shooting, Whittaker and McClain were in a fight. Jones testified that he and Whittaker subsequently ran into McClain at a grocery store where Whittaker and McClain shook hands. Jones testified that he believed after that exchange that any disagreement between Whittaker and McClain had been resolved. Jones stated that on the evening of September 1, 2006, he overheard McClain tell McGaster “bitch going to die tonight.” (R. 192.) Jones testified that he had never seen Whittaker with a gun.
Marcus Belton, over the objection of defense counsel, testified that he had been the victim of a nightclub shooting in June 2002. Belton testified that the nightclub he was at when he was shot was also *493 located in Gainestown and was owned by the same man who owned the Chicken Coop. According to Belton, McClain shot him in the collar bone without provocation, using a handgun. On cross-examination, Belton testified that criminal charges were never brought against McClain for the shooting.
McGaster, McClain’s first cousin, testified that he was present when the shooting occurred and that he saw Whittaker fall to the ground after he was shot. McGaster testified that after Whittaker was shot he observed someone remove a gun and marijuana from Whittaker’s pants pockets. McGaster testified that Whittaker had previously shot a gun into a car in which he and McClain were riding.
The jury found McClain guilty of murder, as charged in the indictment. This appeal followed.
I.
McClain contends that the circuit court erred in allowing the State to introduce evidence of collateral acts of misconduct, in violation of Rule 404(b), Ala. R. Evid. Specifically, McClain argues that Belton’s testimony regarding an altercation between him and McClain did not meet any of the allowable exclusions under Rule 404(b).
“The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000). This is equally true with regard to the admission of collateral-acts evidence. See Davis v. State, 740 So.2d 1115, 1130 (Ala.Crim.App.1998).
Rule 404(b), Ala. R. Evid., provides:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.”
At trial, the State argued that it planned to introduce the evidence to show, among other things, motive, intent, identity, or a common plan, design, or scheme. The State proposed that the evidence would show, and, indeed, the evidence did show, that in June 2002 McClain shot Bel-ton in the neck without provocation while both were at a nightclub owned by the same man who owned the Chicken Coop.
“Under the general exclusionary rule, evidence of collateral offenses of the accused is inadmissible to prove guilt on the now charged offense. Anonymous v. State, 507 So.2d 972, 973 (Ala.1987). However, evidence of collateral offenses may be admissible under certain exceptions to the exclusionary rule or for ‘other purposes’ than to prove the accused’s guilt. These exceptions or other purposes include motive, intent, identity, or common plan, design, or scheme. Bowden v. State, 538 So.2d 1226, 1227 (Ala.1988); Atkisson v. State, [640 So.2d 33] (Ala.Crim.App.1993); Register v. State, [640 So.2d 3] (Ala.Crim.App.1993).”
Williamson v. State, 629 So.2d 777, 780 (Ala.Crim.App.1993). “[T]he plan, scheme, or design exception is an extension of the identity exception — where the charged *494 crime and the collateral crime are committed in the same novel or peculiar manner, evidence of the collateral crime is admissible to identify the defendant as the perpetrator of the charged crime.” Register v. State, 640 So.2d 3, 6 (Ala.Crim.App.1993). See also Ex parte Darby, 516 So.2d 786, 789 (Ala.1987) (the common scheme or plan exception has been held to be “coextensive with the identity exception”). The circumstances of the charged crime and the collateral crime must “exhibit such a great degree of similarity that anyone viewing the two offenses would naturally assume them to have been committed by the same person.” Brewer v. State, 440 So.2d 1155, 1161 (Ala.Crim.App.1983).
In the instant case, the earlier shooting of Belton, like the shooting of Whittaker, occurred at similar nightclubs owned by the same man. The victims each sustained similar injuries — Belton sustained an injury to his collarbone and Whittaker sustained an injury to his neck. Both Belton and Whittaker were attacked without provocation. The shooting of Belton and the shooting of Whittaker were sufficiently similar to fall under the plan, scheme, or design exception. Accordingly, we conclude that the trial court did not err in allowing the State to introduce testimony of a collateral bad act.
II.
McClain further contends that the circuit court erred in refusing to allow McGaster to testify regarding statements Whittaker made to him the night of the shooting in which Whittaker purportedly threatened McClain. Specifically, McClain argues that the statements were not inadmissible hearsay because, he says, they were not being offered to prove the truth of the matter therein — that Whittaker had threatened McClain — but were being offered to prove Whittaker’s state of mind— an exception to the hearsay rule.
The record indicates that the following occurred during McGaster’s testimony:
“Q. [DEFENSE COUNSEL:] Was there ever any discussion about Trenton McClain between [you and Whittaker]?
“A. [McGaster:] Yes, sir.
“Q. Who brought up the subject of Trenton McClain?
“A. [Whittaker].
“[PROSECUTOR]: Judge, I object to what he said as being hearsay.
“[THE COURT]: All right.
[[Image here]]
“[DEFENSE COUNSEL]: Judge, I think it’s material and relevant to this court case. It’s all about motive and intent. I think this is crucial testimony that’s relevant and material to the issues in this case.
“[PROSECUTOR]: Materiality and relevancy do not make it admissible.
“THE COURT: It is hearsay. Sustained.
“Q. Did anyone ever threaten Trenton that night?
“[PROSECUTOR]: Judge, I am going to object, it calls for hearsay.
“THE COURT: Sustained.”
(R. 272-73.)
“The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000).
Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(e), Ala. R. Evid. A statement that constitutes hearsay may still be admissible under one of the excep *495 tions to the hearsay rule. One such exception is the “state-of-mincl” exception, as set out in Rule 803(3), Ala. R. Evid. Rule 803(3), Ala. R. Evid., provides that a statement of the declarant’s then existing state of mind, emotion, sensation, or physical condition is admissible as relevant evidence. See Charles W. Gamble, McElroy’s Alabama Evidence, 261.03(2) and (5) (5th ed. 1996).
Despite McClain’s claim to the contrary, it is clear from the record that the truth of the matter asserted in the statement, i.e., that Whittaker threatened to harm McClain on the evening of September 1, 2006, is exactly what McClain was offering the statement to prove. McGaster’s testimony was classic hearsay — he testified to a threatening statement made by Whittaker regarding McClain, and that statement was offered by McClain to prove the truth of its contents, i.e., that Whittaker threatened McClain. Furthermore, McGaster’s testimony did not fall within the Rule 803(3) exception to the hearsay rule. Accordingly, we cannot say that the circuit court abused its discretion not allowing McGaster’s hearsay testimony.
III.
Finally, McClain contends that the circuit court erred by failing to instruct the jury on lesser-ineluded offenses because, he says, the evidence at trial supported a charge on the lesser-ineluded offense of manslaughter.
“Lesser included offense instructions should be given when there is a ‘reasonable theory from the evidence’ supporting such an instruction.” Dobyne v. State, 672 So.2d 1319, 1345 (Ala.Crim.App.1994)(quoting Jenkins v. State, 627 So.2d 1034, 1049 (Ala.Crim.App.1992)). A trial court may refuse to charge on a lesser-ineluded offense only when: (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense; or (2) the charge would tend to mislead or confuse the jury. Turner v. State, 708 So.2d 232, 234 (Ala.Crim.App.l997)(citing Holladay v. State, 549 So.2d 122 (Ala.Crim.App.1988)).
A person commits the crime of manslaughter if he “recklessly causes the death of another person” or if he “causes the death [of another person] due to a sudden heat of passion caused by provocation recognized by law.” § 13A-6-3, Ala. Code 1975. In the instant case, the evidence indicated that McClain shot Whit-taker without provocation. Although McGaster testified that Whittaker had previously shot a gun into vehicle in which McClain was riding and that a gun was removed from Whittaker’s pocket on the night of the murder, there was no evidence indicating that Whittaker had threatened McClain or provoked him in any way immediately before the shooting on September 1, 2006. There is no evidence to support an instruction on reckless manslaughter or heat-of-passion manslaughter. Therefore, the circuit court did not err in not instructing the jury on the lesser-ineluded offense of reckless manslaughter.
Based on the foregoing, the circuit court’s judgment is affirmed.
AFFIRMED.
WISE, P.J., and MAIN, J., concur.
WINDOM, J., concurs in the result.
WELCH, J., dissents, with opinion.